# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

LACY WRIGHT, JR.,          )
                               )
         Plaintiff,          )
                               )
v.                             )      CIVIL ACTION NO. 1:08-00005
                               )
JOSEPH A. COLOSI       )
and LISA A. COLOSI,       )
                               )
         Defendants.     )

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants, Joseph A. Colosi and Lisa A. Colosi's Partial Motion to Dismiss and Memorandum of Law in Support (Document Nos. 18 and 19.) Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants seek to dismiss Plaintiff's claims of tortious interference with a business relationship, tortious interference with a contractual relationship, and conspiracy, for failure to state a claim upon which relief can be granted. (Document No. 18 at 1.) Defendants further seek to dismiss Plaintiff's claims for attorney fees and costs

> which relate, reflect, or refer to his representation of Dora Bell McClanahan and/or Edward Frenchman McClanahan in the case styled McClanahan et al. v. Harvey Trucking, Inc., et al., Civil Action No. 02-C-142-S, in the Circuit Court of McDowell County, West Virginia [because such claims] have been fully waived by plaintiffs, that plaintiff is estopped from pursuing any claims for attorneys fees or costs related to said civil action in this case, and any such claim for damages must be dismissed.

(Id.) Plaintiff filed his Response on June 19, 2008 (Document no. 28.), to which Defendants filed their Reply on June 30, 2008. (Document No. 32.) Plaintiff filed a Surreply on October 1, 2008. (Document No. 54.)

By Order entered January 6, 2009, by District Judge David A. Faber, Defendants' Partial Motion to Dismiss was referred to the undersigned for a hearing and for submission of findings and

recommendation regarding disposition. (Document No. 81.) A hearing on Defendants' Partial Motion to Dismiss was held before the undersigned on February 11, 2009, in Bluefield, West Virginia, at which time the parties executed their Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge. (Document Nos. 89 and 90.) Accordingly, for the reasons set forth at the hearing and expressed below, it is hereby **ORDERED** that Defendants' Partial Motion to Dismiss (Document No. 18.) is **DENIED**.

## <u>BACKGROUND</u>

Plaintiff originally filed this action in the Circuit Court of Mercer County, West Virginia, on November 26, 2007. (Document No. 1, Exhibit D.) Defendants later removed the action to this Court on the basis of diversity jurisdiction as authorized by 28 U.S.C. § 1332(a). (Document No. 1.) The Complaint states that on January 30, 2002, Dora Bell Vance McClanahan was seriously injured in a motor vehicle accident near Bradshaw, McDowell County, West Virginia. (<u>Id.</u> at ¶ 7.) Having known Plaintiff for several years Mrs. McClanahan and her husband, Edward Frenchmen McClanahan (the "McClanahans"), retained the legal services of Plaintiff for representation of their personal injury and loss of consortium claims, and entered into a contingency fee contract. (<u>Id.</u> at ¶¶ 8-11.) With the permission of the McClanahans, Plaintiff asked Defendant Joseph Colosi to work with him as co-counsel on the McClanahans' case. (<u>Id.</u> at ¶ 12.) The Complaint states that Plaintiff and Joseph Colosi agreed to split all attorney fees evenly and that Plaintiff would finance the McClanahans case by paying all costs and would provide office space, equipment, secretarial services and support, legal analysis, and advice, and when requested, input on case strategy and development. (<u>Id.</u> at ¶¶ 13-14.) The Complaint states that the agreement between Plaintiff and Joseph Colosi was similar to the basic agreements entered into by them in the past. (<u>Id.</u> at ¶ 15.)

2

The Complaint further states that on December 20, 2006, Defendant Joseph Colosi expressed his dissatisfaction with the fee agreement and the departure of one of Plaintiff's employees on December 1, 2006, who essentially had performed all secretarial services related to the McClanahan case. (Id. at ¶¶ 17, 19, 21.) The Complaint further states that Defendant Lisa Colosi worked on the McClanahan case at the direction of Joseph Colosi.[1] (Id. at ¶ 20.) Between December 4, 2006, and January 2, 2007, Joseph Colosi contacted Plaintiff and requested that his staff pack up certain portions of the McClanahan file that he needed at his office. (Id. at ¶ 22.) Plaintiff's staff complied with Defendant Joseph Colosi's request, but Mr. Colosi subsequently returned the files on January 5, 2007. (Id.) On January 19, 2007, Defendant Joseph Colosi withdrew as counsel for the McClanahans. (Id. at ¶ 31.) Plaintiff withdrew as counsel on April 26, 2007, and on June 1, 2007, Joseph Colosi filed a notice of appearance on behalf of the McClanahans. (Id. at ¶¶ 32-33.) The Complaint states that Plaintiff advanced costs in excess of $100,000.00 to develop the McClanahan case, which ultimately led to settlements and a jury verdict of $6,130,509.80. (Id. at ¶ 27.) The seven-Count Complaint alleges breach of contract and prospective economic relations, tortious interference with a business relationship and prospective economic relations, breach of the duty of good faith and fair dealing, negligence, civil conspiracy, and outrageous conduct. (Id. at ¶¶ 34-63.) Plaintiff seeks compensatory damages "in an amount in excess of this Court's jurisdictional minimum to compensate him fully for his injures and losses; punitive damages in an amount to be set by the jury; pre- and post-judgment interest; attorney's fees; court costs; and such other relief

---

[1] Defendants assert in their Answer that they are married to each other and jointly own a law office in Bluewell, Mercer County, West Virginia. (Document No. 3 at ¶ 5.) Despite sharing an office, however, Defendants assert that they "have separate and distinct business entities and legal practices, each as solo practitioners." (Id.)

as the Court may find just and proper." (Id. at 15.)

On January 8, 2008, Defendants filed their Answer and Counter-Claims for breach of contract. (Document No. 3 at 11-12.) Defendant Joseph Colosi's Counter-Claim states that Plaintiff collected $660,000.00 in attorney's fees in the McClanahan case but "failed to provide the services promised in exchange for payment of those attorney fees." (Id. at 11, ¶ 2.) Because Plaintiff failed to provide the services as agreed to in their contract that existed prior to January 19, 2007, Joseph Colosi had to employ the services of Defendant Lisa Colosi. (Id. at 11, ¶¶ 3, 5.) Consequently, Joseph Colosi incurred damages in excess of $100,000.00, from Plaintiff's failure to act. (Id. at 11, ¶ 4.) Defendant Joseph Colosi seeks to require Plaintiff to reimburse him the amount of money that he has paid to third parties to fulfill the services promised by Plaintiff, plus interest and costs. (Id. at 12.)

Defendant Lisa Colosi asserts in her Counter-Claim that on May 22, 2003, Plaintiff, "by a separate and distinct agreement, promised to pay one half the office costs at the Law Office of Lisa Robinette Colosi, as part and parcel of his agreement to pay the cost of litigation and provide secretarial staff for the work to be done on the McClanahan case." (Document No. 3 at 12-14, ¶ 3.) Lisa Colosi further states that Plaintiff induced her to include his name on her "marquee and signage" and to include his curriculum vitae on her brochures "with his promise to pay half the basic costs of the Bluewell office." (Id. at 13, ¶ 4.) However, Lisa Colosi alleges that a few months after she opened her office, Plaintiff "reneged on his agreement to pay half the office costs, and withdrew funding for the office entirely, although he continued to reap the benefits of having his name on the signs and brochures for several years, and otherwise utilized Mrs. Colosi's office space and her office staff for preparation of the McClanahan case." (Id. at 13, ¶ 5.) Plaintiff failed to compensate

Lisa Colosi for the use of her office and for the free advertising he obtained by leaving his name on her signs and continued use of her office. (Id.) Consequently, Plaintiff was unjustly enriched by his free use of Lisa Colosi's office space, and the use of her staff, supplies, and equipment in preparation of the McClanahan case. (Id. at 13, ¶ 6.) Defendant Lisa Colosi seeks to recover from Plaintiff one half the costs of her office from 2003 until December, 2007, half the costs of advertising, and costs associated with the use of her staff, supplies, and equipment used by Plaintiff in preparing the McClanahan case for trial. (Id. at 13-14.)

## STANDARD

### Rule 12(b) Dismissal

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations.

### Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co., Inc. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## DISCUSSION

### *Civil Conspiracy*.

Defendants allege that Plaintiff cannot maintain an action against Defendants for civil conspiracy for three reasons. (Document No. 19 at 3.) First, Plaintiff has not provided any facts supporting his claim that Defendants "worked in concert." (Id.) Second, Plaintiff has not asserted any facts that Defendant Lisa Colosi committed any wrongful act. (Id. at 4.) Third, Plaintiff's assertion that Mrs. Colosi worked in concert with Mr. Colosi to orchestrate Plaintiff's withdrawal from representation of the McClanahans implies that Defendants conspired to carry out a fraudulent scheme or plan, which claim does not meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. (Id.)

6

Plaintiff asserts that he has stated sufficient facts in his Complaint to withstand dismissal of his claim of civil conspiracy. (Document No. 28 at 5.) Specifically, he states that Defendant Lisa Colosi is married to Defendant Joseph Colosi and that they practice law together. (Id.) Mrs. Colosi worked on the McClanahans' case at the direction of Mr. Colosi and both Defendants worked in concert regarding Mr. Colosi's breach of his fee-sharing agreement with Plaintiff and to orchestrate Plaintiff's withdrawal from representation of the McClanahans. (Id.) Their actions satisfy the elements of civil conspiracy. (Id.) Plaintiff asserts that Defendants' motion is directed at the merits of his claim rather than on the sufficiency of the factual allegations as stated in the Complaint. (Id. at 6.) To the extent that the Court is inclined to grant Defendants' Motion, Plaintiff requests leave to amend his Complaint. (Id.)

In Reply, Defendants assert that in response to an interrogatory to Plaintiff asking him to set forth all facts upon which he based his claim of civil conspiracy, Plaintiff directed Defendants to the allegations in the Complaint. (Document No. 32 at 4.) Defendants therefore, find troubling, Plaintiff's request that he be granted leave to amend his Complaint when apparently there are no other factual allegations he can assert. (Id.) Defendants reiterate that Plaintiff cannot prove that they committed some wrongful act, and that to the extent he alleges fraudulent conduct, he has not satisfied the heightened pleading requirement of Rule 9(b). (Id.)

A civil conspiracy is defined as "a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." Dixon v. American Indus. Leasing Co., 162 W.Va. 832, 834, 253 S.E.2d 150, 152 (1979) (*citing* 16 Am.Jur.2d, Conspiracy, Sec. 44.). Under West

Virginia law, a claim for civil conspiracy is a "combination to commit a tort." <u>Roney v. Gencorp.</u>, 431 F.Supp.2d 622, 637 (S.D. W.Va. 2006)(J. Chambers)(*quoting* <u>Hays v. Bankers Trust Co. of California</u>, 46 F.Supp.2d 490, 497 (S.D. W.Va. 1999)). The cause of action is not created by the conspiracy, but upon the wrongful acts done by the defendants. <u>Roney</u>, 431 F.supp.2d 622 at 637 (citing <u>Dixon v. American Indus. Leasing Co.</u>, 162 W.Va. 832, 253 S.E.2d 150, 152 (1979)). To be actionable, the plaintiff must prove that the defendants committed some wrongful act. <u>Id.</u> Alternatively, the plaintiff may prove that the defendants "committed a lawful act in an unlawful manner to the injury of the plaintiff.'" <u>Hays</u> at 497-98 (quoting <u>Kessel v. Leavitt</u>, 204 W.Va. 95, 129, 511 S.E.2d 720, 754).

<u>*Tortious Interference With a Business or Contractual Relationship*</u>.

Defendants further argue that Plaintiff cannot maintain an action against Defendant Joseph Colosi for the tortious interference of a business or contractual relationship because Mr. Colosi was a party to the contract. (Document No. 19 at 4-5.) Plaintiff asserts that Defendants have "misunderstood the Plaintiff's claims." (Document No. 28 at 7.) Plaintiff explains that he is claiming that by virtue of his representation of the McClanahans, Defendant Joseph Colosi had business and contractual relationships with the McClanahans. (<u>Id.</u>) Plaintiff alleges that Defendant Joseph Colosi "tortiously interfered with those relationships to the extent that the McClanahans asked the Plaintiff to withdraw as their counsel, even though he had represented them initially, and he had asked Defendant Joseph A. Colosi to assist with their representation." (<u>Id.</u>) Thus, Plaintiff asserts that Defendants tortiously interfered with Plaintiff's business and contractual relationships with the McClanahans and not the agreement between Plaintiff and Defendant Joseph A. Colosi. (<u>Id.</u>)

In their Reply, Defendants submit the affidavits of the McClanahans, which demonstrate that

8

they did not ask Plaintiff to withdraw from their case. (Document No. 32 at 5-6.) Acknowledging that the Court's consideration of the Affidavits will cause the present Motion to Dismiss to be treated as a Motion for Summary Judgment, Defendants assert that "[P]laintiff should not be allowed to make a misrepresentation to this Court in an effort to create an issue of fact and hope of defeating a motion to dismiss or a motion for summary judgment." (Id. at 6.) Defendants therefore request that the Court conduct an evidentiary hearing at which time testimony from Plaintiff and the McClanahans may be adduced to determine whether any genuine issue of material fact exists to defeat the dismissal of this claim. (Id.)

In his Surreply, Plaintiff asserts that Defendants "have succeeded in actually creating a genuine issue of material fact by providing the McClanahans' version of events in support of their motion." (Document No. 54 at 2.) "[Plaintiff] alleged in his complaint that the Defendants tortiously interfered in his relationship with the McClanahans, which resulted in his termination as the McClanahans' counsel. The Defendants submitted the McClanahans' affidavits in support of their assertion that no tortious interference took place." (Id.) To the extent that Defendants request an evidentiary hearing, Plaintiff asserts that no such hearing is necessary as the record may be supplemented with the transcripts of the McClanahans' depositions, which are scheduled on October 16, 2008. (Id. at 2-3.)

Under West Virginia law, a claim for tortious interference with a business or contractual relationship requires that the following four elements be established: (1) the existence of a contractual or business relationship or expectancy, (2) an intentional act of interference by a party outside of that relationship or expectancy, (3) proof that the interference caused the harm sustained, and (4) damages. See Herman Strauss, Inc. V. Esmark, Inc., __ F.Supp.2d __, 2008 WL 313857, *3

9

(N.D. W.Va. Feb. 4, 2008); <u>Torbett v. Wheeling Dollar Savings & Trust Co.</u>, 173 W.Va. 210, 217, 314 S.E.2d 166, 173 (1984). As a general rule, "only a party outside of a contractual relationship can be liable for tortious interference." <u>Herman Strauss</u> at *3; see <u>Precision Piping & Instruments, Inc. v. E. I. duPont De Nemours & Co.</u>, 707 F.Supp. 225, 231 (S.D. W.Va. 1989) ("the act of interference must be that of a third party to the contractual or business relationship.").

### *Claim for Attorney's Fees Stemming From the McClanahan Case*.

Finally, Defendants argue that "[i]n the McClanahan litigation, the plaintiff voluntarily and expressly waived any claims against the defendants in the present action which stem from any claim for attorneys fees and costs from the McClanahan case as damages in this action." (Document No. 19 at 5.) Consequently, Plaintiff has waived any claims for attorney fees and costs stemming from his representation of the McClanahans as constituting damages in the present action. (<u>Id.</u>) In support of their claim, Defendants attach to their Motion as Exhibit A, an Order entered on February 28, 2008, by the Honorable Booker T. Stephens, Judge, Circuit Court of McDowell County, West Virginia, which Order states in pertinent part as follows:

> In responding to counsel for Mr. Colosi and to Mr. Colosi, counsel for Mr. Wright represented to the Court and all present parties that the federal court case asserts claims that are separate from the claims represented in the Notice of Attorney Fees and Lien. In responding to the Courts questions regarding the damages sought in the federal court case, Jeffrey Mehalic represented to the Court that Mr. Wright is not claiming fees from the McClanahan case as damages in the federal court action.

(Document No. 18, Exhibit A.)

Plaintiff asserts that neither he nor his counsel "have made any admissions or taken any position before the Circuit Court of McDowell County that bar or estop the Plaintiff from recovering any and all damages in this action to which he is entitled, and the Court should reject the Defendants' position." (Document No. 28 at 8.) To the extent that the Court considers Defendants'

10

Exhibit, the Court must construe Defendants' Motion as one for summary judgment, and find that Defendants raised essentially the same claim in their Motion for Partial Summary Judgment (Document No. 16.), filed on May 23, 2008. (Id.)

In Reply, Defendants assert that Plaintiff's position "has created a very serious situation." (Document No. 32 at 6.) Consequently, Defendants request that the Court conduct an evidentiary hearing to determine whether any genuine issue of material fact exists as to whether Plaintiff waived his claims to seek attorneys fees and costs from the McClanahan litigation as damages in this case. (Id. at 6-7.) Defendants assert that at the hearing conducted before Judge Stephens, there were at least six witnesses in addition to Plaintiff's counsel who were present when Plaintiff's counsel made the representations to the Court. (Id. at 7.) These witnesses include The Honorable Booker T. Stephens; Amanda Davis, Esquire; Rodney Smith, Esquire; Bill Davis, Esquire; Michael M. Fisher, Esquire; and Defendant Joseph Colosi. (Id.) Because Plaintiff's counsel's representation was "so surprising to counsel for the defendants . . . they raised the matter with Judge Stephens and requested that such representation be put in the order to be entered by Judge Stephens concerning the hearing on the attorney fee lien matter." (Id. at 8.) After the Order was prepared, Plaintiff's counsel refused to sign the order and argued that such representations did not need to be included. (Id.) Plaintiff's counsel thus attempted to have his own order entered, which did not contain the representation. (Id.) Judge Stephens however, entered the Order which reflected Plaintiff's counsel's representation to the Court. (Id.)

Furthermore, Defendants assert that counsel's representation was addressed at a subsequent hearing on April 7, 2008, before Judge Stephens, at which Judge Stephens recalled Plaintiff's counsel asserting that the attorney fee issue in the McDowell County litigation is separate and

11

distinct from the damages Plaintiff seeks in federal court. (Id. at 7-8.) regarding Plaintiff's position with counsel's statement to the Honorable Booker T. Stephens as to the attorney fee lien issue in the McClanahan litigation. (Id. at 6-7.) Accordingly, Defendants are perplexed as to why Plaintiff is "now making representations to this Court that no such representation was ever made to Judge Stephens," and asserts that such situation is "very serious and egregious . . . which needs to be addressed by this Court through a full evidentiary hearing." (Id. at 8-9.)

     *February 11, 2009, Hearing*.

     At the hearing on Defendants' Partial Motion to Dismiss, Plaintiff's counsel asserted that Defendants' Partial Motion to Dismiss was converted into a Motion for Summary Judgment on the submission of the McClanahans' affidavits regarding Plaintiff's tortious interference claims. (Document No. 91 at 15.) Counsel stated that the only depositions taken in this matter have been the McClanahans' depositions. (Id.) Counsel asserted that the parties' depositions "will probably be the most telling evidence for both sides." (Id.) In the absence of full and complete discovery, including the parties' depositions, Plaintiff's counsel asserted that adjudication of Defendants' Motion to Dismiss as one for Summary Judgment at this stage of the proceedings is premature. (Id.) The Court inquired of Plaintiff's counsel what is the tort underlying Plaintiff's conspiracy claim. (Id. at 21.) Counsel responded that the underlying tort is Plaintiff's tortious interference claims.

     Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, when "matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under such circumstances, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. Because the Court cannot address the merits of Plaintiff's tortious interference claims

without considering the McClanahans' deposition transcripts, the Court is compelled to convert Defendants' Partial Motion to Dismiss as a Partial Motion for Summary Judgment. Consideration of Plaintiff's conspiracy claims is not appropriate at this stage of the proceedings because the underlying tort is the tortious interference claims. Likewise, the Court cannot consider the merit of Plaintiff's claims for damages and Defendants' arguments thereto without considering the McDowell County Circuit Court Order. Plaintiff has asserted that additional discovery is needed respecting his claims. Consequently, the Court finds that adjudication of the substance of Plaintiff's claims at this stage of the proceedings, in the absence of full discovery, including the parties' depositions, would be in appropriate. Plaintiff should have the opportunity to complete discovery. Accordingly, for the reasons set forth above and the reasons set forth on the record at the February 11, 2009, hearing, it is hereby **ORDERED** that Defendants' Partial Motion to Dismiss/Motion for Summary Judgment (Document No. 18.) is **DENIED without prejudice**.

Date: March 31, 2009.

R. Clarke VanDervort
United States Magistrate Judge